**Anthony S. Hamassian, Esq., State Bar No.: 290189**
Email: *anthony@hamassianlaw.com*
**Alec G. Bedrossian, Esq., State Bar No.: 334462**
Email: *alec@hamassianlaw.com*
**Hakob J. Mesropian, Esq., State Bar No.: 345349**
Email: *hakob@hamassianlaw.com*
**HAMASSIAN LAW, APC**
4630 Van Nuys Boulevard
Sherman Oaks, California 91403
Telephone: (818) 465-5360
Facsimile: (818) 465-5361

Attorneys for Plaintiff,
MARCO PACHECO

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| MARCO PACHECO,<br><br>    Plaintiff,<br><br>v.<br><br>BRYCE ALEXANDER BRITZMAN; UNITED STATES OF AMERICA; UNITED STATES OF AMERICA: DEPARTMENT OF THE ARMY; and DOES 1 Through 50, Inclusive;<br><br>    Defendants. | CIVIL ACTION NO.<br><br>COMPLAINT FOR DAMAGES AND PERSONAL INJURIES:<br><br>1. NEGLIGENCE<br>2. NEGLIGENT HIRING/TRAINING/ RETENTION |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Marco Pacheco ("Plaintiff"), by and through his undersigned counsel, Hamassian Law, APC, alleges as follows:

### I.   NATURE OF THE ACTION

1. This action is brought to recover damages for the serious personal injuries sustained by plaintiff as a result of the negligence of Defendant Bryce Alexander Britzman, Defendant United States of America, Defendant United States of

1
COMPLAINT

America: Department of the Army, and DOES 1 through 50, inclusive, (collectively, "Defendants").

## II.  JURISDICTION AND VENUE

2. Jurisdiction of this court is invoked under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. § 1346, 28 U.S.C. §§ 2671, et seq.

3. Venue properly lies in this district court under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## III.  PARTIES

4. Plaintiff is an adult resident of Orange County, California; on and before May 5, 2023, Plaintiff was the owner and operator of a motor vehicle with license plate 9BYW841, as issued by the state of California.

5. Plaintiff alleges upon information and belief that Defendant Bryce Alexander Britzman ("Defendant Britzman") is an adult individual residing in San Diego County, California. Defendant Britzman is an individual who is and/or was an employee of and under the control and supervision of the Defendant United States of America / Defendant United States of America: Department of the Army, acting at all times within the scope of his employment, and with knowledge and consent of Defendant United States of America / Defendant United States of America: Department of the Army at the time the subject incident occurred. Plaintiff further alleges that the United States of America: Department of the Army vehicle operated by Defendant Britzman, at the time of the subject incident was and/or is owned by and under the control of Defendant United States of America / Defendant United States of America: Department of the Army.

6. Plaintiff alleges upon information and belief that Defendant United States of America: Department of the Army ("Defendant Army") was an agency of Defendant United States of America ("Defendant USA") and is purportedly authorized to do business in the State of California. Defendant Army is an

independent agency of the United States of America which owns, operates, manages, directs and controls army motor vehicles including but not limited to that certain motor vehicle bearing the mark 40-BSB and E-56 operated by Defendant Britzman. Plaintiff alleges upon information and belief that Defendant United States of America / Defendant United States of America: Department of the Army are vicariously liable to Plaintiff in connection with the claim sued upon, and are responsible for the negligent acts of Defendant Britzman, under the common law doctrine of respondeat superior.

7. The true names and capacities, whether individual, corporate, or otherwise, of the Defendants sued as Does 1 through 50 are unknown to Plaintiff, who, therefore, sues them by such fictitious names. At such time as their true names and capacities have been ascertained, Plaintiff will seek leave of court to amend this Complaint accordingly. On information and belief, Plaintiff alleges that each such Defendant was the agent, representative, or employee of each of the other Defendants and was acting at all times within the scope of his/her agency or representative capacity, with the knowledge and consent of the other Defendants, and that each such Defendant is liable to Plaintiff in connection with the claim sued upon here and is responsible in some manner for the wrongful acts and conduct alleged in this Complaint.

## IV.   EXHAUSTION OF REMEDIES

8. Plaintiff has complied with the provisions of the FTCA in that on or about July 26, 2023, Plaintiff duly submitted a claim for damages Defendant United States of America / Defendant United States of America: Department of the Army. To date, Defendant United States of America / Defendant United States of America: Department of the Army have failed to take final administrative action in writing on the claim. Accordingly, Plaintiff has complied with all jurisdictional prerequisites and conditions precedent to commencement and prosecution of this litigation against Defendants.

## V. FACTUAL ALLEGATIONS

9. The acts and/or omissions alleged herein concern multi-vehicle collisions, which occurred on or about May 5, 2023, on the Northbound I-5 near the Avery Parkway offramp in Orange County, California (the "Incident").

10. At the time of the Incident, Plaintiff was the driver of a 2022 Toyota Corolla, bearing California license plate no. 9BYW841 ("Plaintiff's Vehicle"), and was traveling on the Northbound I-5.

11. Plaintiff alleges upon information and belief that, at the time of the Incident, Defendant Britzman was the driver of a 2016 Oshkosh, bearing the mark 40-BSB and E-56 ("Defendant's Vehicle"), which was owned, leased, managed, rented, and/or controlled by Defendant United States of America / Defendant United States of America: Department of the Army. Plaintiff alleges upon information and belief that, at the time of the Incident, Defendant Britzman was traveling to the right of Plaintiff's Vehicle on the Northbound I-5.

12. Plaintiff alleges upon information and belief that, at the time of the Incident, Defendant Britzman was the agent and/or employee of Defendant United States of America / Defendant United States of America: Department of the Army and operated Defendant's Vehicle in the course and scope of such agency and/or employment with Defendant United States of America / Defendant United States of America: Department of the Army's permission and entrustment.

13. Plaintiff alleges upon information and belief that, at all times herein mentioned, Defendant United States of America / Defendant United States of America: Department of the Army were the owner, lessor, lessee, renter, manager, and/or controller of Defendant's Vehicle.

14. At the time of the Incident, Defendants, and each of them, failed to operate their motor vehicles safely and exercise ordinary care, thereby negligently causing injury to Plaintiff and damage to Plaintiff's Vehicle. Specifically, at the time of the Incident, Defendant Britzman operated Defendant's Vehicle in an unsafe manner

and at an unsafe speed, failed to keep a proper lookout for other vehicles on the road, failed to maintain a direct course of travel and keep Defendant's Vehicle within the bounds of his lane, made an unsafe and sudden lane change into Plaintiff's lane, failed to slow or stop his vehicle, and thus, collided into Plaintiff's Vehicle, with a strong impact, thereby causing Plaintiff's Vehicle to collide with another vehicle.

15. As a result of the Incident, Plaintiff suffered severe damages. Defendants' negligence caused severe injury to Plaintiff, as well as significant damage to Plaintiff's Vehicle.

## VI.   FIRST CLAIM FOR RELIEF – NEGLIGENCE
### (By Plaintiff against all Defendants)

16. Plaintiff re-alleges and incorporates by reference all paragraphs above, as though fully set forth herein.

17. On the date of the Incident, Defendants, and each of them, owed Plaintiff and others lawfully traveling on the road a duty to operate a motor vehicle safely and to exercise ordinary care so as to not negligently cause injury to those persons lawfully on the roadway, including Plaintiff.

18. At the time of the Incident, Defendants, and each of them, operated their vehicles without the ordinary care and skill necessary to avoid causing harm to Plaintiff and others similarly situated and thus, so negligently and carelessly caused Plaintiff to endure a significant collision and sustain severe injuries and damages. Specifically, at the time of the Incident, Defendant Britzman operated Defendant's Vehicle in an unsafe manner and at an unsafe speed, failed to keep a proper lookout for other vehicles on the road, failed to maintain a direct course of travel and keep Defendant's Vehicle within the bounds of his lane, made an unsafe and sudden lane change into Plaintiff's lane, failed to slow or stop his vehicle, and thus, collided into Plaintiff's Vehicle, with a strong impact, thereby causing Plaintiff's Vehicle to collide with another vehicle.

19. Defendants, and each of them, were negligent and careless in the use, operation, and/or maintenance of their vehicles and breached their duties of care by their acts and omissions, including, without limitation:

a. Failing to keep a proper lookout for other vehicles, persons, obstacles, and traffic signs and keep their vehicles under such control to enable them to avoid a collision;

b. Failing to operate their vehicles at a safe and prudent speed having due regard for weather, visibility, and traffic conditions;

c. Operating their vehicles at a speed which endangers the safety of persons or property;

d. Failing to slow or stop their vehicles to avoid colliding with another vehicle;

e. Failing to turn their vehicles from a direct course or moving right or left upon a roadway until such movement can be made with reasonable safety;

f. Failing to maintain a direct course of travel and keep their vehicles within the bounds of their lanes of travel;

g. Making sudden and unsafe lane changes without giving appropriate signals or yielding the right-of-way to other vehicles;

h. Negligently entrusting another with the operation and control of one's vehicle;

i. Failing to drive their vehicles as nearly as practical entirely within a single lane and not moving from the lane until such movement can be made with reasonable safety; and

j. Failing to otherwise exercise due care with respect to the matters alleged in this Complaint.

20. As more specifically and thoroughly discussed above, Defendant Britzman breached his duty of care by, without limitation, failing to keep a proper lookout for other vehicles, persons, obstacles, and traffic signs and keep Defendant's Vehicle

under such control, failing to operate Defendant's Vehicle at a safe and prudent speed having due regard for weather, visibility, and traffic conditions, failing to slow or stop Defendant's Vehicle to avoid colliding with Plaintiff's Vehicle, making an unsafe and sudden lane change into Plaintiff's lane, failing to maintain a direct course of travel and keep Defendant's Vehicle within the bounds of his lane, and colliding into Plaintiff's Vehicle, with a strong impact, thereby causing Plaintiff's Vehicle to collide with another vehicle. Defendant Britzman's negligent operation of Defendant's Vehicle violated California Vehicle Code sections 22350, 21658, and 22107.

21. The remaining Defendants, and each of them, including Defendant United States of America / Defendant United States of America: Department of the Army, were negligent in the operation, ownership, control and entrustment of Defendant's Vehicle being driven by Defendant Britzman.

22. As a direct and proximate result of Defendants' aforementioned negligence, Plaintiff was injured, and has and will continue to suffer and incur general and special damages, in an amount to be determined at trial, but in excess of the minimum jurisdictional amount of this Court, including, medical and incidental expenses, property damage and loss of use of Plaintiff's Vehicle, out-of-pocket costs, loss of earnings, loss of earning capacity, pain, suffering, and mental, physical and emotional distress.

23. Plaintiff alleges upon information and belief that said damages would not have occurred but for the negligence of Defendants.

VII. **SECOND CLAIM FOR RELIEF – NEGLIGENT HIRING/TRAINING/ RETENTION**

**(By Plaintiff against Defendant United States of America and Defendant United States of America: Department of the Army)**

24. Plaintiff re-alleges and incorporates by reference all paragraphs above, as though fully set forth herein.

25. That Defendant United States of America / Defendant United States of America: Department of the Army, by and through its employees and agents, was negligent, careless and reckless in hiring Defendant Britzman.

26. That Defendant United States of America / Defendant United States of America: Department of the Army, by and through its employees and agents, was negligent, careless and reckless in failing to properly train Defendant Britzman for the purposes of operating Defendant's Vehicle.

27. That Defendant United States of America / Defendant United States of America: Department of the Army, by and through its employees and agents, was negligent, careless and reckless in failing to hire and employ competently trained drivers for the purpose of operating Defendant's Vehicle, including Defendant Britzman.

28. That Defendant United States of America / Defendant United States of America: Department of the Army, by and through its employees and agents, was negligent, careless and reckless in failing to properly instruct and train Defendant Britzman in the operation of Defendant's Vehicle.

29. That Defendant United States of America / Defendant United States of America: Department of the Army, by and through its employees and agents, was negligent, careless and reckless in failing to promulgate and to enforce sufficient rules and regulations for safety standards while Defendant Britzman operated Defendant's Vehicle.

30. That Defendant United States of America / Defendant United States of America: Department of the Army, by and through its employees and agents, was negligent, careless and reckless in failing to properly supervise Defendant Britzman.

31. That Defendant United States of America / Defendant United States of America: Department of the Army, by and through its employees and agents, negligently and recklessly retained Defendant Britzman as an employee.

32. As a direct and proximate result of Defendants' aforementioned negligence, by and through its employees and agents, in screening, hiring, training, disciplining, and retaining Defendant Britzman, Plaintiff was injured, and has and will continue to suffer and incur general and special damages, in an amount to be determined at trial, but in excess of the minimum jurisdictional amount of this Court, including, medical and incidental expenses, property damage and loss of use of Plaintiff's Vehicle, out-of-pocket costs, loss of earnings, loss of earning capacity, pain, suffering, and mental, physical and emotional distress.

33. As a direct and proximate result of Defendant United States of America / Defendant United States of America: Department of the Army's negligent, careless, and reckless conduct, plaintiff sustained the damages alleged in this Complaint

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief against Defendants, and each of them, as follows:

1. For general damages in an amount according to proof;
2. For special damages in an amount according to proof at trial, but in an amount in excess of $75,000.00, the jurisdictional minimum of this Court;
3. For costs permitted by law;
4. For interest as permitted by law; and
5. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for all issues so triable.

Dated: May 2, 2025

HAMASSIAN LAW, APC

By: _____
Anthony S. Hamassian, Esq.
Alec G. Bedrossian, Esq.
Hakob J. Mesropian, Esq.
Attorneys for Plaintiff,
MARCO PACHECO